UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| COREY DREW ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| vs. ) | |
| ) | JURY DEMAND |
| LANCE CAMPER MFG. CORP. ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

Pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 15 U.S.C. § 2301 *et seq.*, Defendant Lance Camper Mfg. Corp. ("Lance"), by and through its attorneys, hereby submits this Notice of Removal to the United States District Court for the Western District of Missouri, of the above-styled action, pending as Case No. 21NW-CV01562 in the Circuit Court of Newton County, Missouri. In support of this petition and as grounds for removal, Defendant states as follows:

1. On June 11, 2021, Plaintiff Corey Drew ("Plaintiff" or "Drew") filed the Class Action Complaint ("Compl.") in the Circuit Court of Newton County, Missouri. (Class Action Complaint attached hereto as **Exhibit A**.) The Class Action Complaint is the first pleading in the above-styled action, and the only pleading in the above-styled action that has been served on Lance. On June 14, 2021, a summons was issued, and on June 15, 2021, it was served on Lance. (Summons attached hereto as **Exhibit B**.) No other process, pleadings, or orders have been served upon Lance in connection with the above-styled action under 28 U.S.C. § 1446(a).

2. Plaintiff asserts causes of action against Lance stemming from a purchase of a Lance 1172 camper for $60,400 (the "Camper"). (Compl., ¶ 11.) Plaintiff also alleges claims on behalf of two putative classes. (*See e.g., id*. at ¶¶ 57-58.)

3. Individually, Plaintiff brings claims under the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (15 U.S.C. § 2301 *et seq.*) ("MMWA") and the Missouri Merchandising Practices Act (Chapter 407 R.S.Mo.) ("MMPA"). (Compl., ¶¶ 115-123.) He also alleges negligent misrepresentation by Defendant. (*Id.*, ¶¶ 124-140.) Critical to Plaintiff's claim is that the Camper exhibited defects that required an "unreasonable number" of repair attempts over an "unreasonable amount of time." (*Id.*, ¶ 14.) This included warranty repairs related to purported issues with the slide-out, heater, roof leakage, and the interior being subject to moisture accumulation. (*Id.*, ¶¶ 14-36.) As a result, Plaintiff alleges that the value of the Camper is $0. (*See id.*, ¶ 113.)

4. For purposes of the removal, this Petition focuses on Plaintiff's claim of a violation of the MMWA.

5. Under the MMWA, "a consumer who is [purportedly] damaged by the [alleged] failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damage and other legal and equitable relief." 15 U.S.C. § 2310(d)(1); *Mishra v. Coleman Motors, LLC*, No. 4:16CV01553 PLC, 2017 WL 994868, *2 (E.D. Mo. Mar. 15, 2017).

6. Title 28 U.S.C. § 1331 provides: that federal district courts may exercise removal jurisdiction where they would have had original jurisdiction had the suit initially been filed in federal court. *See* 28 U.S.C. § 1441(b); *see also Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000). This case is such a lawsuit. The MMWA provides for federal jurisdiction of claims if the plaintiff meets the jurisdictional amount of $50,000 "(exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit." *See Loy v. BMW of N. Am., LLC*, No. 4:19-CV-00184 JAR, 2019 WL 6250844, *5 (E.D. Mo. Nov. 22, 2019), *reconsideration*

*denied,* No. 4:19-CV-00184 JAR, 2020 WL 5095372 (E.D. Mo. Aug. 28, 2020), citing 15 U.S.C. §§ 2310(d)(1)(B), 2310(d)(3)(B).

7. Additionally, Lance "can establish federal jurisdiction with 'specific factual allegations [in the complaint]. . . combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations.'" *Femmer v. Sephora USA, Inc.*, No. 4:20 CV 676 JMB, 2020 WL 5632443, *2 (E.D. Mo. Sept. 21, 2020) (citing *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 635 (8th Cir. 2017)).

8. The Eighth Circuit has not addressed how to determine $50,000 as "the amount in controversy" under the MMWA. Other Circuits have, however, pursuant to the following formula: the price of a replacement vehicle, minus both the present value of the allegedly defective vehicle and the value plaintiff received from the use of the allegedly defective vehicle. *See Loy*, 2019 WL 6250844 at *5 (citations omitted.)[1] Applying this formula, the amount in controversy exceeds $50,000.

9. **First**, the price of the replacement vehicle is the original purchase price of $60,400. *Loy*, 2019 WL 6250844 at *6.

10. **Second**, Plaintiff alleges that the present value of the allegedly defective vehicle is $0, claiming "the value of the Camper at the time of purchase was zero." (Compl., ¶ 113.)

11. **Third**, given the four corners of Plaintiff's Class Action Complaint, he received extremely limited value from the use of the Camper. Initially, Plaintiff pleads only a very short

---

[1] Alternatively, and since the Eighth Circuit has not established how district courts are to calculate the amount in controversy for MMWA disputes, instead of this formula, it may be appropriate to consider the purchase price of the vehicle as the amount in controversy. *See Miller v. Nissan N. Am., Inc.*, No. 4:18CV00340RLS, 2018 WL 4211370, *3 (E.D. Mo. Sept. 4, 2018). Here, Plaintiff has alleged that he purchased the vehicle or "Camper" for $60,400. (Compl., ¶ 11.) Because he seeks, as part of his remedy, damages equal to his purchase price (*see*, *e.g.*, *id.* at ¶ 123), this purchase price may be the amount in controversy.

period of time when the Camper was in his physical possession. (*See* Compl., ¶¶ 24, 34.) Moreover, he claims a continuous state of disrepair starting just a few days after the purchase.

12. Based upon his own allegations, which can serve as the basis for establishing federal jurisdiction, *Waters*, 873 F.3d at 635, the amount of time during which Plaintiff enjoyed use of the Camper was, at best, a matter of a week or two, if not mere days. Plaintiff was "forced" to return the Camper for warranty repairs within "just a few days" of purchase (Compl., ¶ 15-17); less than two weeks later, the Camper was returned to him, and Plaintiff noticed the Camper's roof continued to leak (*id*. at ¶ 18); Plaintiff claims he then requested "necessary" repairs but was unable to get assistance (*id*. at ¶¶ 19-23); he then made a single trip to Colorado for warranty repair no less (*id*. at ¶ 24); and, even then, Plaintiff claims he noticed water still infiltrating the cabin (*id*. at ¶¶ 25-35). In sum, Plaintiff's allegations are that, in addition to the Camper having been out of service for over six weeks, the Camper had constant problems.

13. Quantifiably, Plaintiff derived *de minimus* value from the use of the Camper given the reasonable inferences drawn from the Complaint. The "value" he received is well-less than $10,400. *See e.g., Carroll v. BMW of N. Am., LLC*, No. 119CV00224JMSTAB, 2019 WL 2059619, at *5 (S.D. Ind. May 9, 2019) (court could not conclude to a legal certainty that the claims at issue fell below the $50,000 jurisdictional amount) (quoting *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 406 (7th Cir. 2004)).

14. Therefore, this federal district court may exercise removal jurisdiction over this case as it has original jurisdiction over the MMWA matter. *See Krispin.*, 218 F.3d at 922; *Loy*, 2019 WL 6250844 at *5. Title 28 U.S.C. § 1441 states: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

15. Title 28 U.S.C. § 1446 provides the procedure for such removal, stating in relevant part: "defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). Such notice "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C § 1446(b).

16. This notice meets the criteria for removal under 28 U.S.C. §§ 1441 and 1446: it contains a short and plain statement of the grounds for removal, and it is timely because Lance did not receive a copy of the pleading setting forth Plaintiff's claim until it was served on June 15, 2021. (*See* Exhibit B.)

17. Finally, 28 U.S.C. § 1441(a) states that a civil action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the Western District of Missouri, is the "district and division embracing" Newton County. 28 U.S.C. § 93(a)(1). Plaintiff alleges that venue is proper in any county, including Newton County under Mo. Rev. Stat. § 508.010(2)(4) because, as alleged, Missouri courts have jurisdiction over the subject matter of this suit because Lance had sufficient "minimum contacts" with Missouri. (Compl., ¶¶ 5–10.) Venue for this removal is, therefore, proper.

18. By this Notice of Removal, Lance does not waive any defenses that may be available to it, including, without limitation, Plaintiff's failure to state a claim and any objections as to service, jurisdiction or venue, or any other defense.

19. By this Notice of Removal, Lance does not admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, for the foregoing reasons, Defendant, Lance Camper Mfg. Corp. petitions that the above-entitled action be removed and transferred from the Circuit Court of Newton County, Missouri, to the United States District Court for the Western District of Missouri.

Respectfully Submitted,

By: /s/ Heather Bub
One of the Attorneys for Defendant
**LANCE CAMPER MFG. CORP.**

Heather Bub, Missouri Bar # 57993
SmithAmundsen LLC
120 S. Central Ave.
St. Louis, Missouri 63105
(314) 719-3700
(314) 719-3710

Molly A. Arranz, Illinois Bar # 6281122 (*Pro hac vice* forthcoming)
SmithAmundsen, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
(312) 894-3210
*Counsel for Defendant Lance Camper Mfg. Corp.*

**PROOF OF SERVICE**

      The undersigned certifies that a copy of the foregoing instrument was served upon the Clerk of the Court and the following counsel of record via email and U.S. Mail on July 15, 2021:

Bryan E. Brody
*bbrody@brodyandcornwell.com*
Alexander J. Cornwell
*acornwell@brodyandcornwell.com*
BRODY & CORNWELL
7730 Carondelet Avenue, Suite 135
Clayton, Missouri 63105

                                              /s/ Heather Bub