IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| COREY DREW, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 3:21-cv-05066-RK |
|  | ) |  |
| LANCE CAMPER MFG. CORP., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

Before the Court is Defendant's motion to dismiss Counts I, III, and IV, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and to strike Plaintiff's class allegations under Federal Rule of Civil Procedure 12(f). (Doc. 13.) The motion is fully briefed. (Docs. 19, 21.) After careful consideration and for the reasons explained below, Defendant's motion to dismiss is **GRANTED in part** and **DENIED in part**, and Defendant's motion to strike Plaintiff's class allegations is **GRANTED in part** and **DENIED in part**.

## Background

This case arises from Plaintiff's purchase of a Lance 1172 camper manufactured by Defendant. Plaintiff's petition ("Petition") was originally filed in Missouri state circuit court. In the Petition, Count I asserts a claim on behalf of plaintiff individually under the Missouri Merchandising Practices Act ("MMPA"); Count II asserts a claim under the Magnuson-Moss Warranty–Federal Trade Commission Improvement Act (15 U.S.C. § 2301 *et seq.*); Count III asserts a claim on behalf of plaintiff individually and on behalf of a putative class under the MMPA; and Count IV asserts a claim for negligent misrepresentation.

Defendant removed the action to this Court based on federal question jurisdiction regarding Plaintiff's claim in Count II under the Magnuson-Moss Warrant Act. (Doc. 1.) Defendant now seeks dismissal of Counts I, III, and IV.

Plaintiff alleges he purchased a new Lance 1172 camper from an RV dealer in Joplin, Missouri, for $60,400. (Doc. 1-1 at ¶ 11.) Shortly after purchasing the camper, Plaintiff had to return the camper because of a roof leak and to repair the "slide-out" and heater. (*Id.* at ¶¶ 15, 16.) Plaintiff alleges during the course of these repairs, the interior of the camper was discovered to have significant moisture, mold, mildew, and rust. (*Id.* at ¶ 28.)

Plaintiff alleges Defendant "holds itself out as the manufacturer and supplier of the '#1 truck camper in the USA,'" and that one of its "primary selling points" is the size and quality of its campers relative to their lighter "ultra-light-weight[]." (*Id.* at ¶¶ 37, 38, 40.) In particular, Plaintiff states the model he purchased (the Lance 1172) is advertised on Defendant's website in the following manner: "But what makes it a Lance? We were determined to build a no-compromise double slide while saving as much weight as possible. And that's . . . the 1172." (*Id.* at ¶ 39.) Plaintiff agreed to purchase the 1172 model based on these and other representations from Defendant about the 1172 camper. (*Id.* at ¶ 42.)

Defendant represents to customers the "posted weight" (the camper's weight including batteries, a full propane tank, and a full freshwater tank) of the 2020-year 1172 model is 4,628 pounds. (*Id.* at ¶ 43.) Plaintiff alleges the "data decal" affixed to the camper he purchased shows that posted weight. (*Id.* at ¶ 44.) Additionally, Plaintiff alleges Defendant represents the "dry weight" of the camper (the camper's weight without batteries or belongings and with empty tanks) is 4,174 pounds. (*Id.* at ¶ 45.) Plaintiff alleges, however, Defendant's representations of the posted and dry weights of the model 1172 camper Plaintiff purchased are false. (Id. at ¶¶ 46-48.) Specifically, Plaintiff states "[a]ccording to CAT certified scales, the 1172 camper possesses a posted weight of 4,940 pounds and a dry weight of 5,480 pounds." (Id. at ¶ 48.)[1] Plaintiff alleges he would either (1) not have agreed to purchase the camper, or (2) not have agreed to pay a price of $60,400 for the camper "if he had known" then what he knows now about the camper. (*Id.* at 7, ¶ 51.) Plaintiff alleges "Lance Camper was able to charge more for the 1172 under the pretense that consumers receive more 'bang for their weight' when, in actuality, this is false." (*Id.* at ¶ 53.) He alleges he suffered damages and an ascertainable loss of money due to Defendant's representations about the camper he purchased that, it turns out, were not true.

In Count I, Plaintiff asserts an individual claim under the MMPA based on Defendant having "concealed, suppressed, and/or omitted material fact[s] about the quality and condition of the camper" and "misrepresented the quality and condition of the camper to Plaintiff." (*Id.* at ¶¶ 85, 86.) Similarly, in Count III, Plaintiff asserts another claim under the MMPA (both

---

[1] It appears in paragraph 48 of the Petition, the alleged actual "posted weight" and alleged actual "dry weight" have been transposed, as the "dry weight" is alleged to be significantly heavier than the "posted weight." Nevertheless, if this case moves forward, Plaintiff will bear the burden to prove by presenting evidence the difference between the weight of the camper as represented by Defendant and the actual weight of the 1172 camper in comparison.

individually and on behalf of a putative class) based on Defendant having "misrepresented the posted and dry weights of the travel trailers and campers." (*Id.* at ¶ 120.) Finally, in Count IV, Plaintiff brings a cause of action for negligent misrepresentation (individually and on behalf of a putative class) because Defendant (1) "made numerous representations regarding the reliability, performance, and operating costs," (2) "represented that its campers and travel trailers possessed lighter weights than those actually possessed," and (3) represented "its campers and travel trailers possessed certain posted and dry weights that were lighter than they actually were" and were "ultra-lightweight." (*Id.* at ¶¶ 125, 126, 132.)

## Discussion

### I. Defendant's Motion to Dismiss for Failure to State a Claim

Defendant argues Plaintiff fails to state a claim for which relief can be granted as to Counts I, III, and IV.

#### A. Rule 12(b)(6) Legal Standard

The federal pleading rules provide that a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may challenge a pleading's legal sufficiency in a motion to dismiss. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Ark. Dep't. of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation marks and citation omitted).

While a complaint does not need to include detailed factual allegations, the complaint must allege more than a sheer possibility that a defendant acted unlawfully to survive a motion to dismiss. *Id.* at 371 (citation omitted). When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the non-moving party. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

#### B. Analysis

In Counts I and III, Plaintiff asserts claims under the Missouri Merchandising Practices Act. To state a claim under the MMPA, Plaintiff must show "(1) [he] purchased a product or service from defendant; (2) primarily for personal, family, or household purposes; and (3) []he

3

suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful by § 407.020 RSMo." *Schulte v. Conopco, Inc.*, 997 F.3d 823, 825-26 (8th Cir. 2021) (citation and quotation marks omitted); *see* Mo. Rev. Stat. § 407.025.1(1). Section 407.020.1 makes unlawful:

> [t]he act, use or employment by any person of any deception, . . . misrepresentation, . . . or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri.

As to Count IV, to state a claim for negligent misrepresentation, Plaintiff must allege facts supporting:

> (1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss.

*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 853 (8th Cir. 2014) (citation and quotation marks omitted).

### 1. Whether Plaintiff Adequately Pleads Claims Under the MMPA and for Negligent Misrepresentation Based on the Camper's Weight

In its motion to dismiss, Defendant construes Plaintiff's claims under the MMPA and for negligent misrepresentation as "premised entirely on incomplete and misleading allegations concerning statements on [Defendant]'s website, and on the data decal affixed to Plaintiff's camper." (Doc. 13 at 10.) In his response to Defendant's motion to dismiss, Plaintiff argues that he has sufficiently pled a claim under the MMPA "alleg[ing] that Defendant misrepresented – and charged a premium – for the purportedly light weight camper when, in fact Defendant sold Plaintiff and the Class members a unit which was hundreds of pounds heavier than the advertised and listed weights," and for negligent misrepresentation based on Defendant's "represent[ation] that its campers and travel trailers possessed lighter weights than those actually possessed." (Doc. 19 at 10-12.)

Defendant argues Plaintiff fails to state a claim under the MMPA and for negligent misrepresentation because documents outside the petition show Defendant did not make any false, misleading, or unfair representation as to the weight of the camper Plaintiff purchased. In support of his motion, Defendant attached and relies on a declaration by the Vice President and General Manager at Lance Campers. (Doc. 13-1 at 2-3.) This declaration includes the following five

4

exhibits marked as Exhibits A through E: (1) Exhibits A, B, and C are copies of particular pages on Defendant's website concerning the "specs" of the 1172 camper, a "Truck and Camper Compatibility Guide," and a "Features and Options" webpage for the 1172 camper; (2) Exhibit D is a copy of the "data decal" on the specific camper Plaintiff purchased; and (3) Exhibit E is a copy of the "Retail Buyers Order" from Plaintiff's purchase of the camper. Defendant argues these materials can be considered because they are referenced in and embraced by the petition. Plaintiff argues these materials are outside the scope of the pleadings and cannot be considered at this stage.

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, as a general rule, the Court may not consider "matters outside the pleadings." *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (citations omitted). Under Rule 12(d) if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." It follows, then, the Court may properly consider within the context of deciding a Rule 12(b)(6) motion to dismiss, "documents necessarily embraced by the [petition]," which are not matters outside the pleadings. *Zean v. Fairview Health Serv.*, 858 F.3d 520, 526 (8th Cir. 2017) (citation and quotation marks omitted). "Materials embraced by the [petition]" means "documents whose contents are alleged in a [petition] and whose authenticity no party questions, but which are not physically attached to the pleadings," or "matters incorporated by reference or integral to the claim." *Id.* (citations and quotation marks omitted). In contract claims, for instance, the contract itself and its language is a document or issue "embraced by the pleadings" and thus may properly be considered in deciding a Rule 12(b)(6) motion to dismiss. *Id.* at 527; *see also Dittmer Props., L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013).

The Court finds Exhibits A, B, C, and E attached to Defendant's motion are matters outside the pleadings and will be excluded for purposes of ruling on Defendant's motion to dismiss for failure to state a claim. These four exhibits include the individual webpages from Defendant's website and the "Retail Buyers Order." The Petition neither alleges, nor does it appear, the contents of these documents are integral to the specific claims Plaintiff advances in this lawsuit. At most, in paragraph 39, the Petition alleges a specific statement found on Defendant's website which does not appear to be included in the specific webpages Defendant attached to its motion.

The Court also excludes Exhibit D for purposes of ruling on Defendant's motion to dismiss. The Court is not satisfied that Exhibit D, presented by Defendant as "a true and accurate copy of

the data decal for Corey Drew's Camper," (Doc. 13-1 at 3, ¶ 12) is a document whose contents are alleged in the petition and whose authenticity no party questions. In his petition, Plaintiff pleads "the data decal that is affixed to Plaintiff's Camper . . . shows the posted weight of 4,628 pounds." (Doc, 1-1 at ¶ 44.) Nowhere in Exhibit D does the phrase "data decal" appear. (*See* Doc. 1-1 at 15.) At most, Exhibit D references a "Camper Certification Label (located on the camper's rear exterior." (*Id.*) Exhibit D is entitled "Consumer Information: Truck Camper Loading" and includes "Camper Weight Information." In his response, Plaintiff contests whether Exhibit D consists of the "data decal" referenced in his pleadings.[2] The Court does not find Exhibit D consists of a document whose contents are alleged in the pleading and whose authenticity no party questions and, therefore, excludes Exhibit D for purposes of ruling on this motion.

In the Petition, Plaintiff pleads Defendant represented to consumers the 2020-year 1172 model camper had a posted weight of 4,628 pounds and a dry weight of 4,147 pounds. Plaintiff then alleges Defendant's representation as to the posted and dry weights of the camper is false and that the 1172 camper actually "possesses a posted weight of 4,940 pounds and a dry weight of 5,480 pounds." Plaintiff specifically alleges Defendant "misrepresented the posted and dry weights of the travel trailers and campers" and "represented that its campers and travel trailers possessed lighter weights than those actually possessed." Taking the pleaded facts as true as the Court is required to do at this early stage, the Court does not find Plaintiff fails to state a claim that Defendant misrepresented the posted and dry weights of the camper. This early stage of litigation does not require Plaintiff to present evidence proving the posted and dry weights of the 1172 camper he purchased are not the posted and dry weights Defendant represented (taking into account the contours of Defendant's representation as to the weights of the camper). The Court finds Plaintiff plausibly states a claim for relief under the MMPA and for negligent misrepresentation based on Defendant's representations as to the weights of the camper compared to the actual weights of the camper.

At the same time, however, to the extent Plaintiff alleges a claim under the MMPA based on "Defendant's representations that its campers and travel trailers possessed an ultra-light weight were untrue," that the company was "determined to build a no-compromise double slide while

---

[2] Plaintiff attached what he contends is "a picture of the actual data decal that was affixed to [Plaintiff's] Camper." (Doc. 19 at 8.) This "actual data decal" Plaintiff attached refers to the "owner's manual (or data sheet as applicable) for weight of additional or optional equipment." (Doc. 19-1.)

saving as much weight as possible," and that the 1172 provides more "bang for their weight," these statements or representations are mere puffery that are not actionable under the MMPA as a matter of law. *Wright v. Bath & Body Works Direct, Inc.*, No. 12-00099-CV-W-DW, 2012 WL 12088132, at *2 (W.D. Mo. Oct. 17, 2012) (statements that amount to "puffery" – that is, "exaggerated statements of bluster or boast upon which no reasonable consumer would rely or vague or highly subjective claims of product superiority" are not actionable under MMPA) (citations and quotation marks omitted). Plaintiff does not argue to the contrary. Defendant's motion to dismiss is therefore **GRANTED** to the extent Plaintiff relies on these statements in support of his MMPA claims.

### 2. Whether Plaintiff has satisfied Rule 9(b)'s heightened pleading standard

Defendant also argues Plaintiff fails to state a claim because his allegations do not satisfy the heightened pleading requirement applied to fraud claims. Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement for claims involving allegations of fraud, negligent misrepresentation, or intentional misrepresentation. *Khaliki v. Helzberg Diamond Shops, Inc.*, 2011 WL 1326660, at *3 (W.D. Mo. Apr. 6, 2011); *Great Lakes Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 871 F. Supp. 2d 843, 859–60 (D. Minn. May 15, 2012); *see also Peterson–Price v. U.S. Bank Nat. Ass'n*, 2010 WL 1782188, at *12 (D. Minn. May 4, 2010) ("Rule 9(b)'s pleading requirements apply to claims alleging misrepresentations, whether styled as intentional misrepresentations or negligent misrepresentations."). Rule 9(b) provides that "a party must state with particularity the circumstances constituting fraud[.]"

To comply with Rule 9(b)'s particularity requirement, "the [petition] must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (citation omitted). "Put another way, the [petition] must identify the 'who, what, where, when, and how' of the alleged fraud." *Id.* (citations omitted). A plaintiff satisfies Rule 9(b)'s particularity requirement "where [the] plaintiff identifies particular statements alleged to be misleading, the basis for contention, where the statements appear, and the relevant time period in which the statements were used." *Webb v. Dr. Pepper Snapple Grp., Inc.*, No. 4:17-00624-CV-RK, 2018 WL 1955422, at *4 (W.D. Mo. April 25, 2018) (citation and quotation marks omitted).

7

Defendant argues Plaintiff's allegations do not satisfy this heightened pleading standard. Plaintiff does not address this argument in his opposition to Defendant's motion to dismiss.

Plaintiff alleges on December 31, 2020, he purchased a Lance 1172 camper manufactured by Defendant from Wheelen RV Center in Joplin, Missouri. Plaintiff alleges the "manufacturing specifications" and the "data decal" represent the posted and dry weights at 4,628 pounds and 4,174 pounds, respectively, and that these representations are false because the actual posted and dry weights of the camper are more (4,940 pounds and 5,480 pounds, respectively). The Court finds these allegations satisfy Rule 9(b)'s pleading requirement as to Plaintiff's claims under the MMPA and for negligent misrepresentation based on the posted and dry weights of the campers. The "who" is Defendant, the "what" are the posted and dry weights of the camper, the "where" is the manufacturing specifications and data decal, the "when" is on the date Plaintiff purchased the camper. These allegations support Plaintiff's claims under Count III and Count IV, to the extent both claims rely on the posted and dry weights of the camper (both as represented and the actual weights). Defendant's motion to dismiss Counts III and IV on this basis is **DENIED**.

On the other hand, in Count I, Plaintiff alleges Defendant "misrepresented the quality and condition of the camper" and "concealed, suppressed, and/or omitted material fact about the quality and condition of the camper." Plaintiff's allegations in Count I fail to satisfy Rule 9(b)'s heightened pleading standard. While Plaintiff alleges the "who" (Defendant) and the "when" ("[i]n connection with the sale of the [camper]"), Plaintiff does not allege the "what" or the "how." Plaintiff does not allege *what*, specifically, Defendant misrepresented, concealed, suppressed, or omitted about the quality and condition of the camper and, more importantly, *how* Defendant did so. The same is true to the extent Plaintiff's claim in Count IV for negligent misrepresentation alleges that "Defendant made numerous representations regarding reliability, performance, and operating costs . . . directly and/or through its authorized dealer network." Plaintiff does not plead facts with the specificity and particularity required under Rule 9(b) to state such a claim. Specifically, Plaintiff fails to plead with specificity *what* the misrepresentations were and *why* the representations were misleading. Accordingly, Defendant's motion to dismiss Count I is **GRANTED**.

II. **Defendant's Motion to Strike Putative Class Allegations under Rule 12(f)**

Next, the Court considers Defendant's motion to strike Plaintiff's class allegations under Rule 12(f). Based on the Court's ruling above as to Defendant's motion to dismiss for failure to
8

state a claim, the relevant remaining claims involving putative class allegations are: Count III (asserting a claim under the MMPA based on Defendant's alleged misrepresentation of the posted and dry weights of the campers) and Count IV (asserting a claim for negligent misrepresentation based on Defendant's representation of the weight of its campers and that its campers and travel trailers "possessed an ultra-lightweight").

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "In the context of a determination under Rule 23 [for certification of a putative class], the question is whether plaintiff[']s allegations are sufficient to show that it is plausible that plaintiff[] will be able to satisfy the Rule 23 requirements after conducting discovery." *Courtright v. O'Reillly Auto., Stores, Inc.*, No. 14-00334-CV-W-GAF, 2014 WL 12623695, at *1 (W.D. Mo. July 7, 2014) (citation and quotation marks omitted). Motions to dismiss class allegations at this early motion to dismiss stage, let alone striking a matter from a pleading under Rule 12(f) generally, is "an extreme and disfavored measure" and a "rare remedy." *Legacy Gymnastics, LLC v. Arch Ins. Co.*, No. 2:20-cv-04214-NKL, 2021 WL 2371503, at *1 (W.D. Mo. June 9, 2021) (citations and quotation marks omitted). The Court may strike class action allegations when, even accepting the allegations in the pleading as true, it is clear "the requirements for maintaining a class action cannot be met." *Id.* at *2 (citations and quotation marks omitted). In other words, a district court should strike class allegations from a pleading when "it [is] apparent from the pleadings that [the plaintiff] could not certify a class." *Donelson v. Ameriprise Fin. Serv., Inc.*, 999 F.3d 1080, 1092 (8th Cir. 2021).

As to the class allegations in Count III (MMPA claim), Plaintiff proposes the following putative class:

> All persons Lance Camper has on record (1) where such person purchased a new camper or travel trailer manufactured by Lance Camper in the State of Missouri, (2) during the five-year period prior to the filing of Plaintiff's Petition, (3) where the actual posted and dry weights of the camper or travel trailer are greater than the posted and dry weights Lance Camper represented within its manufacturer's specifications.

(Doc. 1-1 at 7, ¶ 57.) Plaintiff alleges Defendant misrepresented the posted and dry weights of the travel trailers and campers "[i]n connection with the same of the campers and travel trailers to Plaintiff and the MMPA class." (*Id.* at 14, ¶¶ 119-20.)

9

As to the class allegations in Count IV (negligent misrepresentation claim), Plaintiff proposes the following class:

> All persons Lance Camper has on record (1) where such person purchased a new camper or travel trailer manufactured by Lance Camper, (2) during the five-year period prior to the filing of Plaintiff's Petition, (3) where the actual posted and dry weights of the camper or travel trailer are greater than the posted and dry weights Lance Camper represented within its manufacturer's specifications.

(*Id.* at 8, ¶ 58.) In Count IV, Plaintiff alleges "Defendant, along with its authorized dealers, represented to Plaintiff and the negligent misrepresentation class that its campers and travel trailers possessed certain posted and dry weights that were lighter than they actually were." (*Id.* at 16, ¶ 132.)

"Federal Rule of Civil Procedure 23(a) sets out four threshold requirements that must be met before a plaintiff may file a lawsuit on behalf of a class of persons." *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1029 (8th Cir. 2010). These four requirements include: (1) numerosity, (2) commonality, (3) typicality, and (4) that the representing party can fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). "Once those prerequisites have been met, the plaintiff must also establish that the class fits within one of three types of class actions listed in Rule 23(b)." *Avritt*, 615 F.3d at 1029. As relevant here, class certification under Rule 23(b)(3) rests on a finding of both predominance (i.e., common questions of law or fact predominate over those affecting only individual members) and superiority (i.e., a class action is superior to other methods to fairly and efficiently adjudicate the controversy).

First, Defendant argues the claims based on the weight discrepancy between the represented and actual posted and dry weights is not reducible to common evidence because of the "bespoke nature" of each camper with optional equipment. Based on the nature of Plaintiff's claim in this regard, the Court is not convinced at this early stage the weight discrepancy is not reducible to common evidence. It appears the posted and dry weights of the camper exist outside the optional equipment a purchaser of the camper may opt to install. The Court is not persuaded, at this point, Plaintiff cannot satisfy the requirements for certifying a class on this basis.

On the other hand, it appears Plaintiff cannot certify a class under his negligent misrepresentations claim. Because reliance on the negligent misrepresentation (in addition to the negligent misrepresentation itself) is a critical and necessary element of this claim, *see, e.g., Cromeans v. Morgan Keegan & Co., Inc.*, 69 F. Supp. 3d 934, 936 (W.D. Mo. 2104); *Massie v.*

10

*Colvin*, 373 S.W.3d 469, 472 & n. 4 (Mo. Ct. App. 2012), individual issues would predominate over the common questions of fact. *E. Maine Baptist Church v. Union Planters Bank, N.A.*, 244 F.R.D. 538, 545 (E.D. Mo. 2007) (granting motion to decertify class for negligent misrepresentation claim because individual issues as to "the individual class members' receipt, review, and reliance on the prospectus and whether these allege misrepresentations . . . had an impact on the class members" predominate over common questions of fact); *see also id.* at 544-45 (collecting cases finding state law claims of negligent misrepresentation "not readily susceptible to classwide proof"). For this reason, the Court exercises its discretionary authority under Rule 12(f) to strike Plaintiff's putative class allegations as to a claim for negligent misrepresentation.

Finally, Defendant argues the proposed class definition for the MMPA class is overly broad because Plaintiff does not have standing to represent a putative class for a claim brought under the MMPA for travel trailers and campers manufactured by Defendant other than the Logan 1172 camper Plaintiff actually purchased. Plaintiff does not present any argument in opposition in his response. The Court agrees with Defendant. "'In a class action, the plaintiff seeking to represent a class must establish that []he, personally, has standing to bring the cause of action. If the plaintiff cannot maintain the action on h[is] own behalf, []he may not seek such relief on behalf of the class.'" *Smith v. Atkins Nutritionals, Inc.*, No. 2:18-cv-04004-MDH, 2018 WL 9868591, at *7 (W.D. Mo. May 8, 2018) (quoting *Kelly v. Cape Cod Potato Chip Co.*, 81 F. Supp. 3d 754, 763 (W.D. Mo. 2015)). In *Smith*, the Court held a plaintiff bringing a claim, in part, under the MMPA only had standing "to represent a class of purchasers . . . limited to those products she purchased." *Id.* Thus, Plaintiff cannot represent a class, as set forth in his putative class action petition, of persons within the past five years who have "purchased a new camper or travel trailer manufactured by Lance Camper." Instead, Plaintiff may represent a class of persons who, within the past five years, purchased a Lance 1172 camper.

## Conclusion

Therefore, the Court **GRANTS in part** and **DENIES in part** Defendant's motion to dismiss (Doc. 13), as follows:

(1) First, as to Count I, Defendant's motion to dismiss Plaintiff's claim under the MMPA for Defendant's alleged misrepresentation of "the quality and condition of the camper" is **GRANTED**. Count I is **DISMISSED**.

(2) Second, as to Count III, Defendant's motion to dismiss Plaintiff's claim under the MMPA for Defendant's alleged misrepresentation of the posted and dry weights of the camper is

11

**DENIED**. Defendant's motion to dismiss Count III is **GRANTED** as to any claim under the MMPA relying on Plaintiff's allegations that Defendant's campers possess an "ultra-light weight," that Defendant was "determined to build a no-compromise double slide while saving as much weight as possible," and that the 1172 model camper provides more "bang for their weight."

(3) Third, as to Count IV, Defendant's motion to dismiss Plaintiff's claim for negligent misrepresentation is **GRANTED** as to Plaintiff's claim based on the allegations Defendant allegedly misrepresented the reliability, performance, and operating costs regarding the camper, and is **DENIED** in all other respects.

Finally, Defendant's motion to strike Plaintiff's remaining putative class allegations under Rule 12(f) is **GRANTED** as to Plaintiff's putative class allegations for negligent misrepresentation and **DENIED** as to Plaintiff's putative class allegations for a claim under the MMPA, although Plaintiff only has standing to represent a class of purchasers in this putative class action who purchased the same camper as Plaintiff (that is, the Lance 1172).

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 19, 2021